# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER RE WAIVER OF RIGHTS UNDER** |
| ) | **IADA** |
| vs. ) | |
| ) | |
| Vegas Reno Morin, ) | Case No. 1:20-cr-104 |
| ) | |
| Defendant. ) | |

Defendant Vegas Reno Morin ("Morin") made his initial appearance in the above-entitled action and was arraigned via video from the Burleigh Morton Detention Center ("BMDC") on July 17, 2020. As of that appearance, it was the court's understanding that Morin had been released from state custody to the United States Marshals Service ("USMS") on its detainer and was for all intents and purposes in federal custody. It was later learned that Morin had not been released from state custody. Rather, Morin had been sentenced on state charges and was in still in state custody at the BMDC pending his designation to the North Dakota State Penitentiary ("NDSP").

On July 20, 2020, a writ of habeas corpus ad prosequendum was issued to secure Morin's appearance for a hearing scheduled on July 21, 2020. On July 21, 2020, Morin appeared for the hearing as scheduled. Although the USMS had taken custody of Morin pursuant to the writ, it did not physically transport him to the courthouse. Rather, arrangements were made for Morin to again appear via video from BMDC. Out of an abundance of caution, the court reacquainted Morin with his rights and proceeded to arraign him a second time.

At the close the hearing on July 21, 2020, the court ordered Morin detained pending trial on his federal charges on the ground that he was not currently eligible for release given his state

1

sentence. As Morin did not affirmatively waive his rights under the Interstate Agreement on Detainers Act ("IADA"), he remains in federal custody

The court has been advised by the USMS that, largely due to miscommunication with state authorities, Morin has been moved from the BMDC to the NDSP. Morin's presence at the NDSP poses a conundrum for the USMS as it never intended to deviate from its practice of housing pretrial a detainee such as Morin in a local jail with which it contracts. The USMS does not want to house Morin at the NDSP but is reluctant to move him to a local jail absent guidance from the court.

Morin has to date not voiced any objection or opposition to his transfer from the BMDC to the NDSP. To avoid potential confusion regarding Morin's custodial status going forward and to permit Morin to remain at the NDSP, the court hereby construes his silence as a waiver of his rights under the IADA's anti-shuttling provisions. Accordingly, Morin shall be returned to the custody of the State of North Dakota (the "sending state" under the IADA), where he shall be housed pending further proceedings or until further order of the court. Further, pursuant to Morin's waiver, the fact that Morin is returning to state custody pending trial shall not be grounds under the IADA for dismissal of the charges set forth in the Indictment.

Morin shall have until August 21, 2020, to file an objection to this order, assert his rights under the IADA, and demand to be returned to federal custody. Should Morin demand to be returned to federal custody, an amended order and, if necessary, writ of habeas corpus ad prosequendum shall be issued to facilitate his transfer from the NDSP to a correctional facility designated by the USMS.

**IT IS SO ORDERED.**

Dated this 12th day of August, 2020.

                                             */s/ Clare R. Hochhalter*
                                             Clare R. Hochhalter, Magistrate Judge
                                             United States District Court